car. Of the latter class there were four or five, of whom he was the last. As he attempted to get on, he took hold of the rail by his hand, and put one foot on the step, when the car went on with full force, dragging him for half a block. The defendant was liable if, in the absence of contributory negligence, it knew, or should have known, that the plaintiff intended to take passage, and therefore if it did not afford to him a reasonable opportunity to board the car in safety. Sexton v. Metropolitan Street R. Co., 40 App. Div. 26, 57 N.Y. Supp. 577. But the question of the defendant's negligence was not one of law, even if the plaintiff's version was credited. Hence the court erred when it instructed the jury, under exceptions, both in the main part of the charge and also thereafter when the defendant pointed out the instruction, that the plaintiff must have the verdict if the jury believed his version, for such instruction in effect required the jury to find the defendant negligent if the jury believed the plaintiff. In fine, the defendant's liability was to be determined alone by the plaintiff's credibility. This was reversible error under the doctrine of Kellegher v. Forty-Second St., etc., R. R. Co., 171 N. Y. 309, 63 N. E. 1096.

There must be a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

---

(120 App. Div. 542)

FIRST NAT. BANK OF SING SING v. SING SING GAS MFG. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. BANKS AND BANKING—CASHIER—AUTHORITY.

A cashier of a bank, intrusted with the entire management of its affairs, and possessing general authority to receive additional security for notes held by it, is not disqualified from receiving collateral in behalf of the bank to secure a note held by it, because of his interest in the transaction, due to his being an indorser on the note.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 260.]

2. SAME—LIABILITY OF BANK.

A cashier of a bank was intrusted with the management of its affairs. The bank held a note on which he was an indorser. He received bonds as collateral. He sold the bonds and used the proceeds to reduce his indebtedness to the bank for money unlawfully appropriated. *Held*, that the bank was responsible for the loss resulting from the conversion of the bonds.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, §§ 271, 272.]

Appeal from Trial Term, Westchester County.

Action by the First National Bank of Sing Sing against the Sing Sing Gas Manufacturing Company and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, and MILLER, JJ.

Charles F. Brown (Smith Lent, on the brief), for appellant.

George H. Fletcher, John Larkin, and Henry A. Prince, for respondents.

MILLER, J.   This action is on a promissory note made by the defendant the Sing Sing Gas Manufacturing Company and indorsed by the defendants Noxon, Maurice, the defendant Larkin's intestate, the testator of the defendants Young, and one Allen. Said Noxon was the plaintiff's cashier and the treasurer of the maker of said note.   The maker of the note executed and delivered to said indorsers a mortgage to secure them for their indorsement of said note and one other also discounted by the plaintiff.   Subsequently said indorsers, the principal stockholders of said gas company, made an agreement with one Kimber to sell and transfer to him 90 per cent. of the stock of said company.   Said indorsers agreed to pay the floating indebtedness of said company, consisting of said two notes, and to cancel and satisfy said mortgage on receiving $10,000 of the bonds of said company. When the parties met to execute said agreement, the bonds were delivered to said Noxon, who deposited them among his private papers at the plaintiff's banking house.   Subsequently he sold substantially all of the bonds, and used the proceeds to reduce his indebtedness to the plaintiff for moneys unlawfully appropriated by him.   The defendants set up a counterclaim for the conversion of said bonds, and upon that succeeded on the trial before the referee.

The sole point presented by the appellant is that the finding that the plaintiff received said bonds as collateral security for said notes is based wholly on illegal evidence received over objection and exception.   We may first examine this point, for, if it is untenable, it will not be necessary to consider the other defenses urged by the respondents.   The alleged illegal evidence consisted of testimony to the effect that, at the time of the execution of the agreement for the delivery of said bonds, the defendant Larkin's intestate stated to said Kimber that said Noxon was present as the representative of the bank for the purpose of receiving said bonds, and that said Noxon did not demur to said statement, but took the bonds.   The contention is made that the authority of an agent cannot be proven by his own declarations, and that said Noxon was disqualified from acting as the agent of the bank in a matter in which he was personally interested.   It is not pretended that the cashier of a bank has not general authority to receive additional security for notes held by it, and in this case there is abundant evidence that the plaintiff's directors intrusted the entire management of its affairs to said Noxon.   The mere fact that he was an indorser on the notes did not disqualify him from receiving collateral in behalf of the bank, because his interest in that transaction was in no sense adverse to the bank.   It is unnecessary to refer in detail to the many authorities cited by the appellant on this question, for they are all based upon a principle which has no application to the situation disclosed in this case.   The fact that said Noxon was an indorser would tend to increase, rather than diminish, his vigilance for his principal, and it is difficult to see how the latter could be injured by receiving collateral without releasing the indorsers.

The well-settled principle relied upon by the appellant that the authority of the agent cannot be proven by his declarations has no ap-

plication to a case where his authority is undisputed. The question involved here relates, not to his authority, but to the capacity in which he acted, and I know of no better way of solving that question than by ascertaining just what occurred when the bonds were delivered. He had authority to receive them in behalf of the bank; he assumed to exercise that authority; and, when he afterwards stole them, he stole from the bank, and not from his fellow indorsers.

I advise that the judgment be affirmed.

Judgment affirmed, with costs. All concur.